IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | 4:10CV3207 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TECUMSEH STATE PRISON, and | ) | |
| MAILROOM STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

On November 2, 2010, the court required Plaintiff to show cause to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 6.) In response, Plaintiff filed two Motions to Continue IFP and a "Motions to Summit Evidence." (Filing Nos. 10 and 11.) The court has carefully reviewed Plaintiff's Motions and finds that this matter should be dismissed.

## I.   BACKGROUND

On October 25, 2010, while incarcerated, Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2). On November 2, 2010, the court determined that Plaintiff was not permitted to proceed IFP without first meeting the provisions set forth in § 1915(g). (Filing No. 6.) The court based this determination on the finding that Plaintiff brought three cases,[1] while incarcerated, that were dismissed because they failed to state a claim upon which relief could be granted.

---

[1] *Castonguay v. Douglas County Attorney Office*, No. 8:09CV392 (D. Neb.), dismissed on April 9, 2010. (Case No. 8:09CV392, Filing Nos. 11 and 12.) *Castonguay v. Douglas County Correction Center*, No. 8:09CV225 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV225, Filing Nos. 14 and 15.) *Castonguay v. State of Nebraska*, No. 8:09CV221 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV221, Filing Nos. 15 and 16.)

The court ordered Plaintiff to either show cause to proceed IFP or pay the full $350 filing fee. (Filing No. 6.) The court informed Plaintiff that if he failed to show cause or pay the $350 filing fee by December 1, 2010, his case would be dismissed without further notice. (*Id*. at CM/ECF p. 2.) On November 12, 2010, Plaintiff filed a Motion to Proceed IFP and a "Motion to Summit Evidence." (Filing Nos. 7 and 8.) However, these filings were considered "deficient due to no certificate of service." (Filing No. 9.) On November 26, 2010, Plaintiff re-filed his Motions along with a Certificate of Service. (Filing Nos. 10, 11 and 12.)

## II.　ANALYSIS

A prisoner may not bring a civil action and proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its November 2, 2010, Memorandum and Order, the court ordered Plaintiff to explain why his case should not be dismissed pursuant to § 1915(g). (Filing No. 6.) In doing so, the court identified three of Plaintiff's cases that were dismissed because Plaintiff failed to state a claim upon which relief may be granted. (*Id*. at CM/ECF p. 1.) In order for Plaintiff to proceed IFP he needed to show that one of these three cases did not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his Motion to Continue IFP, Plaintiff argues that he should be permitted to proceed IFP because he voluntarily dismissed Case No. 8:09CV225. (Filing No. 10 at CM/ECF p. 1, 3.) This argument lacks merit. The court dismissed Case No. 8:09CV225 because Plaintiff's amended complaint failed to allege sufficient facts to state a claim. (*See* Case No. 8:09CV225, Filing No. 15.)

2

Plaintiff also argues that he should be permitted to proceed IFP because Case No. 8:09CV221 is still in progress. (Filing No. 10 at CM/ECF p. 1, 3.) Again, Plaintiff's argument lacks merit. The court dismissed case 8:09CV221 on November 3, 2009. (*See* Case No. 8:09CV221, Filing Nos. 15 and 16.) The Eighth Circuit affirmed this decision on May 12, 2010 (case no. 8:09CV221, filing nos. 24 and 25) and the Mandate was issued on June 22, 2010 (case no. 8:09CV221, filing no. 29).

In short, Plaintiff has failed to comply with the court's November 2, 2010, Memorandum and Order. Because Plaintiff is not entitled to proceed IFP, and has not paid the full $350 filing fee, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1.　This matter is dismissed without prejudice.

2.　All pending motions are denied as moot.

3.　A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of December, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

　　*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.